**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Anthony J. Palombo Jr.**
**Cathy M. Palombo**
  Debtor(s)

Bankruptcy Case No.: 17–20828–CMB
Issued Per Oct. 19, 2017 Proceeding
Chapter: 13
Docket No.: 29 – 10, 27
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 17, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $1,342 as of November 2017. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.     shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☒ H.   Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.
The claim of Ally Financial at Claim No. 2–2 to be paid per stipulation order entered on September 27, 2017, in an amount to be determined by the Trustee.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: October 30, 2017

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                   Case No. 17-20828-CMB
Anthony J. Palombo, Jr.                                                  Chapter 13
Cathy M. Palombo
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: jhel              Page 1 of 2              Date Rcvd: Oct 30, 2017
                              Form ID: 149            Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 01, 2017.
db/jdb         +Anthony J. Palombo, Jr.,    Cathy M. Palombo,    515 Crestview Drive,    Pittsburgh, PA 15239-1705
cr             +Ally Financial,    Tucker Arensberg, P.C.,    c/o Brett A. Solomon, Esquire,    1500 One PPG Place,
                 Pittsburgh, Pa 15222-5413
14387329       +AES/PHEAA,    PO BOX 61047,    Harrisburg, PA 17106-1047
14387331       +IC SYSTEMS,    PO BOX 64378,    Saint Paul, MN 55164-0378
14416827       +PHEAA,    PO BOX 8147,    HARRISBURG PA 17105-8147
14423255       +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
                 Pittsburgh, PA 15233-1828
14661396        UPCI Cancer Services,    PO Box 1123,    Minneapolis, MN 55440-1123
14640928        UPMC Community Medicine,    PO Box 1123,    Minneapolis, MN 55440-1123
14387336       +UPMC HEALTH SERVICES,    PO BOX 371472,    Pittsburgh, PA 15250-7472
14661397        UPMC Presbyterian Shadyside Hospital,    PO Box 1123,    Minneapolis, MN 55440-1123
14661398        UPMC St Margaret,    PO Box 1123,    Minneapolis, MN 55440-1123
14661395        University of Pittsburgh Physicians,    PO Box 1123,    Minneapolis, MN 55440-1123
14387338       +VERIZON,    C/O BANKRUPTCY DEPARTMENT,    500 TECHNOLOGY DRIVE,    SUITE 550,
                 Saint Charles, MO 63304-2225

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14387330       +E-mail/Text: ally@ebn.phinsolutions.com Oct 31 2017 01:18:25      ALLY,   PO BOX 9001951,
                 Louisville, KY 40290-1951
14385040        E-mail/Text: ally@ebn.phinsolutions.com Oct 31 2017 01:18:25      Ally Financial,
                 PO Box 130424,    Roseville MN 55113-0004
14382629        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Oct 31 2017 01:22:17
                 American InfoSource LP as agent for,    T Mobile/T-Mobile USA Inc,    PO Box 248848,
                 Oklahoma City, OK   73124-8848
14672097       +E-mail/Text: kburkley@bernsteinlaw.com Oct 31 2017 01:19:51      Duquesne Light Company,
                 c/o Allison L. Carr,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
14387332       +E-mail/Text: jennifer.chacon@spservicing.com Oct 31 2017 01:20:04
                 SELECT PORTFOLIO SERVICING,    PO BOX 65450,    Salt Lake City, UT 84165-0450
14375264       +E-mail/Text: jennifer.chacon@spservicing.com Oct 31 2017 01:20:04      SELECT PORTFOLIO SVCING,
                 PO BOX 65250,    Salt Lake City, UT 84165-0250
14387334       +E-mail/Text: bsimmons@amsher.com Oct 31 2017 01:19:39      TMOBILE,    c/o AMSHER COLLECTION,
                 4524 SOUTH LAKE PARKWAY,    SUITE 15,    Birmingham, AL 35244-3271
14387335       +E-mail/Text: bankruptcydepartment@tsico.com Oct 31 2017 01:19:46      TRANSWORLD SYSTEMS INC.,
                 PO BOX 15520,    Wilmington, DE 19850-5520
14672076        E-mail/Text: jennifer.chacon@spservicing.com Oct 31 2017 01:20:04
                 U.S. Bank, National Association,    c/o Select Portfolio Servicing, Inc.,     P.O. Box 65250,
                 Salt Lake City, UT 84165-0250
14638495       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Oct 31 2017 01:21:58      Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,   Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 10

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Duquesne Light Company
cr              U.S. Bank, National Association, as Trustee for th
cr*            +Peoples Natural Gas Company LLC,   c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
                 Pittsburgh, PA 15233-1828
14387333*      +SELECT PORTFOLIO SVCING,   PO BOX 65250,   Salt Lake City, UT 84165-0250
14387337*       UPMC HEALTH SERVICES,   PO BOX 371472,   Pittsburgh, PA 15250-7472
                                                                                            TOTALS: 2, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 01, 2017                           Signature:   /s/Joseph Speetjens

```
District/off: 0315-2          User: jhel              Page 2 of 2            Date Rcvd: Oct 30, 2017
                              Form ID: 149            Total Noticed: 23
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 30, 2017 at the address(es) listed below:
              Brett A. Solomon    on behalf of Defendant    Ally Financial serviced by Ally Servicing LLC
               bsolomon@tuckerlaw.com,   agilbert@tuckerlaw.com;cabbott@tuckerlaw.com;dparanay@tuckerlaw.com
              Brett A. Solomon    on behalf of Creditor    Ally Financial bsolomon@tuckerlaw.com,
               agilbert@tuckerlaw.com;cabbott@tuckerlaw.com;dparanay@tuckerlaw.com
              James Warmbrodt    on behalf of Creditor    U.S. Bank, National Association, as Trustee for the
               EMC Mortgage Loan Trust 2002-B, Mortgage Pass-through Certificates Series 2002-B
               bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              Russell A. Burdelski    on behalf of Debtor Anthony J. Palombo, Jr. atyrusb@choiceonemail.com
              Russell A. Burdelski    on behalf of Joint Debtor Cathy M. Palombo atyrusb@choiceonemail.com
              Russell A. Burdelski    on behalf of Plaintiff Cathy M. Palombo atyrusb@choiceonemail.com
              Russell A. Burdelski    on behalf of Plaintiff Anthony J. Palombo, Jr. atyrusb@choiceonemail.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                             TOTAL: 11
```