IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| Anthony Palombo | : | Case No. 17-20828CMB |
| Cathy Palombo | : | Chapter 13 |
| Debtor(s) | : | |
| Russell A. Burdelski, Esquire | : | |
| | : | Related to Document #61 |
| Movant(s) | : | |
| | : | |
| vs. | : | |
| | : | |
| No Respondents Named | : | Hearing Date 9/11/2019 |

## TRUSTEE'S RESPONSE TO APPLICATION FOR INTERIM COMPENSATION AND REIMBURSMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR

Ronda J. Winnecour, Chapter 13 Trustee, by her undersigned counsel, respectfully represents the following:

1. The Application seeks $1375.00 in fees for the period 5/15/19 to 8/15/19. This is in addition to the No Look ($4,000) and another $1,475 previously allowed.[1]

2. Trustee questions the following entries:

| | Description | Time | Date |
|---|---|---|---|
| (a) | Filing of amended Chapter 13 plan | 0.30 | 5/24/19 |
| (b) | Review of Order setting hearing on an Amended Plan | 0.40 | 6/11/19 |
| (c) | Review of Order confirming plan as modified | 0.50 | 10/30/17 |

3. The time for filing the amended plan is an admittedly marginal issue though it does seem more administrative (billable at a lower rate) than legal.

4. 0.40 hours to review a scheduling order seems excessive. Trustee notes that the Applicant separately billed for service (at .4 hrs on 6/12/19).

---

[1] Regarding the standard to be applied in reviewing fee applications, as noted in *In re Busy Beaver Building Centers, Inc.*, 19 F. 3d 833, 845 (3d Cir. 1994), a Court need only correct reasonably discernable abuses, not pin down to the nearest dollar the precise fee to which the professional is entitled. A bankruptcy judge's experience with fee petitions and appropriate billing practices, founded on its understanding of the legal profession, is the starting point for its analysis. *Id* at 854. "The court should review a fee application to ensure the applicant exercises the same "billing judgment" as do non-bankruptcy attorneys by, for example, writing off unproductive research time, duplicative services, redundant costs precipitated by overstaffing, or other expenses with regard to which the professional generally assumes the cost as overhead in corresponding non-bankruptcy matters, or for which analogous non-bankruptcy clients typically decline to pay." *Id* at 855-56.

5. 0.50 hours to review a confirmation seems high (at least without additional explanation). In addition, it seems that the date the time was incurred is in error.

WHEREFORE, the Trustee requests the fees adjusted as appropriate to reflect reasonable and necessary and actual time.

RONDA J. WINNECOUR,
CHAPTER 13 TRUSTEE

Date: 09/03/19    by    _/s/ Owen W. Katz_____
Owen W. Katz - PA I.D. #36473
Attorney for Trustee
US Steel Tower – Suite 3250
600 Grant St.
Pittsburgh, PA  15219
(412) 471-5566
okatz@chapter13trusteewdpa.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| Anthony Palombo | : | Case No. 17-20828CMB |
| Cathy Palombo | : | Chapter 13 |
| Debtor(s) | : | |
| Russell A. Burdelski, Esquire | : | |
| | : | Related to Document #61 |
| Movant(s) | : | |
| | : | |
| vs. | : | |
| | : | |
| No Respondents Named | : | Hearing Date 9/11/2019 |

CERTIFICATE OF SERVICE

I hereby certify that on the 03RD of September 2019, I served one true and correct copy of the foregoing document on the following parties in interest by United States first-class mail, postage prepaid, addressed as follows:

Joseph S. Sisca, Esquire
Assistant U.S. Trustee
Suite 970, Liberty Center
1001 Liberty Avenue
Pittsburgh PA.  15222

Anthony Jr. and Cathy Palombo
515 Crestview Drive
Pittsburgh PA 15239

Russell Burdelski, Esquire
The Law Office of Russell A. Burdelski
1020 Perry Highway
Pittsburgh PA 15237

_/s/Dianne DeFoor_____
Office of Chapter 13 Trustee
US Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com